FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Feb 15, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

TERRY M. LESHER,

               Plaintiff,

      v.

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.

No.    2:15-CV-00237-SMJ

**ORDER DENYING
DEFENDANT'S MOTION TO
DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL
PROCEDURE 12(B)(5) AND
SETTING CASE RELATED
DEADLINES**

Before the Court, without oral argument, is Defendant Commissioner of Social Security's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(5). ECF No. 8. Through this motion, Defendant seeks this case's dismissal for insufficient service of process as required by Rule 4. Plaintiff resists this motion asserting that granting the motion would greatly prejudice him. Having reviewed the pleadings and the file in this matter, the Court is fully informed and for the reasons below denies the motion.

## I.    Background

On September 30, 2015, Plaintiff filed a complaint in this Court seeking review of administrative proceedings denying his claim for disability insurance

ORDER DENYING DEFENDANT'S MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(B)(5) AND SETTING CASE
RELATED DEADLINES - 1

1    benefits under the Social Security Act. ECF No. 3. Pursuant to Rule 4(m) Plaintiff

2    had 120 days from September 30, 2015 to serve defendant.[1] However, Defendant

3    was not served until August 22, 2016. ECF No. 5 and 5-1. About two months later,

4    Defendant filed the present motion to dismiss. ECF No. 8. Approximately three

5    weeks later, Plaintiff filed a response resisting the motion, ECF No. 9.

## II.    Discussion

"A federal court is without personal jurisdiction over a defendant unless the

defendant has been served in accordance with Fed. R. Civ. P. 4." *Benny v. Pipes*,

799 F.2d 489, 492 (9th Cir. 1986). However, courts liberally construe Rule 4 when

parties receive adequate notice of a complaint. *Direct Mail Specialists, Inc. v. Eclat

Computerized Techs., Inc.*, 840 F.2d 685, 688 (9th Cir. 1988); *see also Benny*, 799

F.2d at 492. "Nonetheless, without substantial compliance with Rule 4 neither

actual notice nor simply naming the defendant in the complaint will provide

personal jurisdiction." *Direct Mail Specialists, Inc.*, 840F.2d at 688 (citation and

internal quotation marks omitted).

In order to avoid dismissal for failure to timely serve a complaint and

summons as required by Rule 4, a plaintiff must show "good cause." *Boudette v.

Barnette*, 923 F.2d 754, 755 (9th Cir. 1991). Plaintiffs can satisfy this requirement

---

[1] Rule 4(m) was amended in 2015 to reduce the time for service from 120 days to 90 days. *See* Fed. R. Civ. P. 4(m) advisory committee's notes to 2015 amendment.

ORDER DENYING DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(5) AND SETTING CASE RELATED DEADLINES - 2

1    by demonstrating "excusable neglect" or may also show the following: "(a) the

2    party to be served personally received actual notice of the lawsuit; (b) the defendant

3    would suffer no prejudice; and (c) plaintiff would be severely prejudiced if his

4    complaint were dismissed." *Id*. at 756.

5        Here, Plaintiff's counsel represents that "the transitioning of Plaintiff's

6    counsel's law practice resulted in an untimely service of the summons and

7    complaint." ECF No. 9 at 3. However, Plaintiff's counsel also acknowledges that

8    he was retained to represent Plaintiff in this matter on September 8, 2015, almost a

9    year before service was properly executed. *Id*. at 2. While matters concerning

10   Plaintiff's counsel's transitioning practice may have complicated his ability to

11   fulfill his professional obligations, the information presented to this Court so far

12   does not amount to excusable neglect. Thus, in order to avoid dismissal, Plaintiff

13   must meet the factors outlined in *Boudette*.

14       First, it is undisputed that Defendant has received actual notice of the lawsuit.

15   Although Defendant received it late, he is nonetheless fully aware of it and attorneys

16   representing Defendant have entered appearances. ECF Nos. 5, 6, and 7. Second, it

17   is unclear to the Court how Defendant would be prejudiced by allowing this case to

18   continue. Defendant does not address this factor. Thus, the Court believes that

19   Defendant would suffer no prejudice by denying the present motion. Lastly,

20   Plaintiff's inability to refile this complaint should the Court dismiss the present

ORDER DENYING DEFENDANT'S MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(B)(5) AND SETTING CASE
RELATED DEADLINES - 3

complaint, ECF No. 9 at 3–4, would severely prejudice Plaintiff. Consequently, Plaintiff has demonstrated good cause sufficient to avoid his complaint's dismissal.

Furthermore, Defendant is **ORDERED** to file its answer to Plaintiff's complaint, along with a certified copy of the transcript of the record including the evidence upon which the findings and decision complained of are based pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), **by no later than April 7, 2017**. Thereafter, the parties shall meet and confer and file a stipulated motion regarding a scheduling order for briefing this case **by no later than April 28, 2017**.

Accordingly, **IT IS HEREBY ORDERED**:

1.    Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure, **ECF No. 8**, is **DENIED.**

2.    Defendant shall file its answer to Plaintiff's complaint, along with a certified record pursuant to section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), **by no later than April 7, 2017.**

3.    Both parties shall meet and confer and file a stipulated motion regarding a scheduling order for briefing this case **by no later than April 28, 2017.**

ORDER DENYING DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(5) AND SETTING CASE RELATED DEADLINES - 4

1    **IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and

2    provide copies to all counsel.

3    **DATED** this 15th day of February 2017.

4

5    _____
     SALVADOR MENDOZA, JR.
     United States District Judge

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

ORDER DENYING DEFENDANT'S MOTION TO DISMISS PURSUANT TO
FEDERAL RULE OF CIVIL PROCEDURE 12(B)(5) AND SETTING CASE
RELATED DEADLINES - 5